# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-918V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| STEVEN BRASS, | * | Filed:  February 27, 2015 |
|  | * |  |
| Petitioner, | * |  |
|  | * | Motion to Amend Case |
| v. | * | Caption; Influenza ("Flu") Vaccine; |
|  | * | Shingles; Post-Herpetic Neuralgia |
| SECRETARY OF HEALTH AND | * | Medical Records; Redaction |
| HUMAN SERVICES, | * |  |
|  | * |  |
| Respondent. | * |  |
|  | * |  |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Ronald Homer*, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.

*Camille Collett*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ORDER DENYING MOTION[1]

On September 29, 2014, Steven Brass filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that as a result of receiving the influenza vaccine on October 26, 2011, he suffered from shingles and post-herpetic neuralgia. Amended Pet. (ECF No. 16) at 1. Petitioner now moves to amend the case caption to refer to him only by his initials (Pet'r's Mot. to Amend (ECF No. 7)), arguing that certain information

---

[1] Because this order contains a reasoned explanation for my action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion in the posted order of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the order will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C.A. § 300aa-10 to 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

pertaining to his alleged illness is sensitive or private, and that its disclosure would cause him professional harm.[3] Respondent has opposed the motion.

Petitioner's motion (which actually requests that the caption of this case be redacted) is not timely.[4] In the Vaccine Program, the records and pleadings filed in connection with a petitioner's claim are treated as confidential. *See* Vaccine Rule 18(a); 42 U.S.C. § 300aa-12(d)(4)(A). Until an entitlement decision (or other decision or ruling) issues, *all* court filings may be viewed only by the parties, the judge or special master to whom the case is assigned, or other special masters. *See also Mostovoy*, 2012 WL 4450835, at *2.

Thus, Petitioner's motion, based on concern that certain information in his medical records or treatment history might be harmful to him if publically disseminated, in a later decision or ruling, is premature. I have not yet issued any rulings or decisions discussing Petitioner's medical records or treatment history – therefore, there is nothing that is yet appropriately subject to redaction. Although Petitioner's desire to get "ahead" of this anticipated problem is understandable, Petitioner has cited no authority, case law, procedure, or rules[5] to support granting his request at this time.

Accordingly, I **DENY** Petitioner's motion, but invite Petitioner to renew it at a later date, after a ruling or decision specifying facts that may be properly subject to redaction has issued.[6]

**IT IS SO ORDERED.**

/s/Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] In an effort to avoid the kinds of disclosures that might be properly the subject of a timely motion to redact, and because I am deciding this motion largely on procedural grounds, I have refrained from reciting the precise nature of the injuries that Petitioner alleges he has incurred.

[4] The present motion is not properly styled as a "motion to amend." A motion to amend a case caption should be interposed where the name of the party identified has changed in some way that logically compels its modification. *See Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2012 WL 4450835, at *2 (Fed. Cl. Spec. Mstr. June 25, 2012). Such a change could include a minor reaching the age of majority, a legal name change, the death of a party, or the correction of a typographical error in the case name. *Mostovoy*, 2012 WL 4450835, at *2; *see also United States v. Edwards*, 241 F.R.D. 146, 149 (E.D.N.Y. 2007) (allowing amendment of a case caption to reflect garnishee's correct legal name). Here, by contrast, Petitioner seeks not to alter how he is referenced in the caption for any of the above reasons, but instead to *redact* his name down to its initials. I will treat the motion as one to redact. *See Mostovoy*, 2012 WL 4450835, at *2.

[5] Vaccine Rule 16(b) provides that cases involving minors should be captioned with the initials of the minor to avoid public disclosure of the minor's name, but there is no analogous rule for cases involving adult petitioners. *See* Vaccine Rule 16(b).

[6] As I informed the parties during the February 25, 2015 status conference in this matter, they will not be required to re-brief this issue at that time.